IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KRYSTAL MARSHALL, et al.,

    Plaintiffs,

v.

U.S. SECRET SERVICE, et al.,

    Defendants.

Civil Action No.: JKB-23-893

## MEMORANDUM

Plaintiffs Krystal Marshall and Jackal of Trades LLC[1] filed the above-captioned Complaint on March 30, 2023. ECF No. 1. Marshall has neither paid the civil filing fee nor filed a motion to proceed *in forma pauperis* seeking its waiver. However, Marshall will not be required to correct this deficiency as the Complaint must be dismissed.

Marshall sues the United States Secret Service, Debra Rhoades, Aradia L. Marshall,[2] Michael J. Barnard, Angel Marie Poisson, Austin McMahon, Renee J. McMahon, the State of Maryland, and the Town of Hagerstown. ECF No. 1. She brings a purported § 1983 claim, alleging "genocide, gross human rights, trafficking, probate fraud[,] hate crimes, interference of contract settlement involving human rights, sexual assaults, attempted murder, murders, [and] healthcare fraud." ECF No. 1 at 1–3. She also asserts that Defendants are members of the Manson

---

[1] To the extent Marshall sought to file this action as a pro se representative of Jackal of Trades LLC, she cannot. Artificial entities, such as corporations and limited liability companies, cannot proceed pro se in this Court. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel" and "that rule applies equally to all artificial entities."). However, as this case cannot proceed, Jackal of Trades LLC, an artificial entity, will not be required to obtain representation by a member of the Bar of this Court.

[2] Marshall identifies both an Aradia L. Marshall in the body of the Complaint (ECF No. 1 at 2) and an Aradia McMahon in the caption of the Complaint (*id.* at 1). It is unclear whether these are the same person or two different individuals.

family who arranged marriages, took children hostage, and trafficked immigrant families through religious cults. *Id.* at 4.

Marshall alleges that since 1983, Defendants conspired to traffic children "in white slavery rings," "threaten[ed] to genocide children," and ordered "underground witch trials" and punished their victims "for the sins of their perceived ancestors[.]" ECF No. 1 at 4. Marshall also asserts that Defendants defrauded probate estates to steal from estates and were "running psy-ops with U.S. Secret Service" to "interfere in International Probate matter." *Id.* at 7. Marshall contends that Debra Rhoades is the leader of this underground cult and organized the outlined conspiracy. *Id.* at 4-5. The Complaint states that Defendants have violated Marshall's First, Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights. *Id.* at 8. Marshall seeks "civil arrest" of Defendants, an order to DNA test a child to confirm that she is a missing child, an order removing any implanted monitoring devices in the missing child, and monetary damages. *Id.* at 5.

This Court is mindful that Marshall is a pro se litigant whose Complaint must be construed liberally to "raise the strongest arguments" that it suggests. *Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020) (internal quotation marks omitted); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 569. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 547. Further, "[f]rivolous complaints are subject to dismissal

pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee." *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015).

Marshall's Complaint is frivolous. She has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on her behalf. The Court finds that her claims should be dismissed on this basis.

Accordingly, the Complaint will be dismissed without prejudice. A separate Order follows.

Dated this __15__ day of __May__, 2023.

FOR THE COURT:

_____
James K. Bredar
Chief Judge